**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3520-17T1

THE HARTFORD INSURANCE
GROUP,

     Plaintiff-Respondent,

v.

DOUGLAS MESSINEO, ESQUIRE,
and MESSINEO and MESSINEO,

     Defendants-Respondents,

and

NANCY WILLIAMS,

     Defendant-Appellant.

_____

Submitted February 27, 2019 – Decided May 29, 2019

Before Judges Accurso and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1797-16.

Rothenberg Rubenstein Berliner & Shinrod, LLC, attorneys for appellant (Alan K. Berliner, on the brief).

Kunz Law, attorneys for respondent The Hartford Insurance Group (David R. Kunz and Leslie S. Britt, on the brief).

Marks O'Neill O'Brien Doherty & Kelly, attorneys for respondents Douglas Messineo and Messineo and Messineo (Sean X. Kelly and Christian M. Scheuerman, on the brief).

PER CURIAM

Defendant Nancy Williams appeals from an order denying her motion to reopen discovery and from that part of an order granting summary judgment to defendant Douglas Messineo and his law firm, defendant Messineo and Messineo (collectively: Messineo). Considering defendant's arguments as to both orders under discrete standards of review, we affirm.

Plaintiff The Hartford Insurance Group filed a complaint against Williams and Messineo to recover its workers' compensation lien after Messineo paid their client, Williams, the settlement proceeds from a medical malpractice claim related to a prescription overdose Williams suffered while hospitalized for a work-related leg injury. Williams filed crossclaims for contribution, indemnification and legal malpractice against Messineo.

The initial discovery end date (DED) of May 11, 2017 was twice extended, initially to October 11, 2017 when the trial court granted Messineo's motion to change the discovery track, R. 4:5A, and then to December 30, 2017.

Defendants' expert's reports were due on November 30, 2017 per the last DED order. Although she previously filed an affidavit of merit, Williams did not serve her expert's report by the DED deadline. Messineo moved for summary judgment on January 18, 2018. Williams moved to reopen discovery on February 14, 2018. The trial court denied Williams' motion to reopen discovery, finding "[e]xceptional circumstances [were] not demonstrated" and questioned "why after 533 days of discovery and a pending trial date of [April 23, 2018], discovery [was] incomplete."

Because a trial date was set, Williams was required to show exceptional circumstances in order to extend the DED. R. 4:24-1(c). In Rivers v. LSC Partnership, 378 N.J. Super. 68, 79 (App. Div. 2005), we recognized four "Vitti[1] factors" in holding:

> In order to extend discovery based upon "exceptional circumstances," the moving party must satisfy four inquiries: (1) why discovery has not been completed within time and counsel's diligence in pursuing discovery during that time; (2) the additional discovery or disclosure sought is essential; (3) an explanation for counsel's failure to request an extension of the time for discovery within the original time period; and (4) the circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time.

---

[1] The factors were announced in Vitti v. Brown, 359 N.J. Super. 40, 51 (Law Div. 2003).

A-3520-17T1

In his February 14, 2018 certification submitted in support of the motion to reopen discovery, Williams's counsel stated:

> I have been struggling with some serious medical issues recently. They include, but are not limited to, inflammation around my heart, inflammation around my lungs, a stroke, multiple hospitalizations, multiple surgical procedures and countless doctor visits. Suffice it to say, it has been a challenge keeping up with work load. I recently discovered that my legal expert retained in the case . . . has not provided his report because he did not have the deposition transcript of [Douglas] Messineo. The transcript of Mr. Messineo was never sent to me because the court reporter in attendance did not list my firm as involved in the case and/or did not list my request for a copy of the transcript (because I could not attend the deposition due to my medical issues). I have now received the transcript and it is in the hands of [the expert]. His report should be available shortly.[2]

Williams contends the trial court did not read the certification and that exceptional circumstances were demonstrated by the "medical crisis outlined in [his] certification." Hartford also contends the court erred in failing to find exceptional circumstances.

"We generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law." Rivers, 378 N.J. Super. at 80

---

[2] The report is dated February 16, 2018.

A-3520-17T1

(citing Payton v. N.J. Tpk. Auth., 148 N.J. 524, 559 (1997)). The "abuse of discretion" standard "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

We agree with the trial court that Williams failed to show exceptional circumstances. We recognize Williams's counsel may have had serious medical issues but his certification offers no details that relate to the Vitti factors. Counsel's certification provides no details about the timing of his medical condition. Nor does it relate his condition to the failure to obtain a transcript or provide coverage for his practice. Although Williams contends in her merits brief that counsel did not realize that he was not provided a copy of the deposition transcript "because of the serious medical issues [counsel experienced] during September, October, November of 2017," those specifics were not provided to the trial court in support of the motion to reopen discovery. We will not consider facts not presented to the trial court. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

A-3520-17T1

Further, the record supports that counsel was responsive to inquiries about the case in August and September 2017. We note counsel sent an email to Messineo's attorney on August 3, 2017 by which he adjourned Williams's scheduled August 8 deposition, citing that he "just was released from the hospital after a [six-]day stay for surgery. In addition, the [Bates-]stamped records received today are voluminous." Counsel requested that Williams's deposition be rescheduled for "sometime in September" at his Newark office. In their opposition to Williams's motion to reopen discovery, Messineo stated that Williams was deposed on September 13, 2017 and that the deposition transcript confirms she was represented by an attorney from her counsel's firm. Douglas Messineo was deposed one week later. Williams's counsel advised Messineo's counsel on September 19 that he would not be attending; there is no evidence he requested an adjournment of that deposition, that someone from his office could not cover the deposition as had occurred at Williams's deposition or that counsel requested a transcript of same before the DED.

Nor does Williams explain why Douglas Messineo's deposition transcript was essential. Williams argues the trial court, in granting summary judgment, commented that "the expert opinion that is filed in this case that's untimely has that information" – about "what the standard of care is and the nature of the duty

6

and the breach of the duty" – "in it that might have allowed the case to withstand summary judgment." But that does not illustrate what information from the deposition was crucial to the preparation of the expert's report. Nor did Williams's counsel "establish that he . . . ma[d]e effective use of the time permitted under the [R]ules," between his return to the office in August 2017 and the end of discovery at the end of December 2017, as is required of an attorney requesting a discovery extension. Rivers, 378 N.J. Super. at 79 (quoting Vitti, 359 Super. at 51). If "the 'delay rests squarely on plaintiff's counsel's failure to . . . pursue discovery in a timely manner,' and the Vitti factors are not present, there are no exceptional circumstances to warrant an extension." Ibid. (quoting Huszar v. Greate Bay Hotel & Casino, Inc., 375 N.J. Super. 463, 473-74 (App. Div. 2005)).

In short, Williams has satisfied none of the Vitti factors. Adopting more of the Vitti decision, we recognized that, under Best Practices, see R. 4:5A, "applications to extend the time for discovery should be the exception and not the rule." Rivers, 378 N.J. Super. at 78 (quoting Vitti, 359 N.J. Super. at 45). Given our standard of review, we discern no abuse of discretion in the denial of Williams's motion to reopen discovery.

In granting Messineo's summary judgment motion, the trial court ruled:

there's no question that without an expert witness on this legal malpractice claim the case can't be sustained. In looking at the nature of what the claim is there's no way this would fall into the common knowledge exception that would allow for the . . . professional negligence claim to go forward without an expert.

Williams concedes in her merits brief, "without [the expert's] report, [the trial court] was compelled to grant the motion for summary judgment." Hartford makes the same concession in its merits brief.

"[I]n nearly all malpractice cases, plaintiff need[s] to produce an expert regarding deviation from the appropriate standard." Garcia v. Kozlov, 179 N.J. 343, 362 (2004) (citing Brach, Eichler, Rosenberg, Silver, Bernstein, Hammer & Gladstone, PC v. Ezekwo, 345 N.J. Super. 1, 12 (App. Div. 2001)); see also N.J.S.A. 2A:53A-27. "As 'the duties a lawyer owes to his client are not known by the average juror,' expert testimony must necessarily set forth that duty and explain the breach." Buchanan v. Leonard, 428 N.J. Super. 277, 288 (App. Div. 2012) (quoting Carbis Sales, Inc. v. Eisenberg, 397 N.J. Super. 64, 78 (App. Div. 2007)). Where the standard of care that should guide an attorney in the situation presented would not be readily apparent to persons of average intelligence and ordinary experience, the assistance of an expert opinion is required. See id. at 289. A plaintiff's failure to produce expert testimony in

legal malpractice claims is often fatal. See Innes v. Marzano-Lesnevich, 435 N.J. Super. 198, 214 (App. Div. 2014), aff'd as modified, 224 N.J. 584 (2016).

In that we have already concluded that Williams's motion to reopen discovery was properly denied, the record supports that without the late-tendered expert report there existed "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 329-30 (2010); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). While we pay no particular deference to the trial court's determination of any questions of law, Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), and review de novo the trial court's summary judgment decision based upon our independent review of the motion record, applying the same standard as the trial court, Townsend v. Pierre, 221 N.J. 36, 59 (2015); Brill, 142 N.J. at 539-40, we fully agree that summary judgment was warranted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3520-17T1